1 Mark F. Anderson (SBN 44787)
mark@aoblawyers.com
2 Carol M. Brewer (SBN 214035)
carol@aoblawyers.com
3 Anderson, Ogilvie & Brewer LLP
235 Montgomery Street, Suite 914
4 San Francisco, CA 94104
Phone: (415) 651-1951
5 Fax: (415) 500-8300
6
7 Attorneys for Plaintiff Barbara A. Grant
8
9            UNITED STATES DISTRICT COURT
10           NORTHERN DISTRICT OF CALIFORNIA
11

| | |
|---|---|
| Barbara A. Grant, | Case No. |
| Plaintiff, | COMPLAINT |
| v. | (Fair Credit Reporting Act 15 USC § 1681 *et seq*) |
| Experian Information Solutions, Inc, an Ohio corporation; | DEMAND FOR JURY TRIAL |
| Trans Union LLC, a Delaware limited liability company; and | |
| Equifax Information Services LLC, a Georgia limited liability company, | |
| Defendants. | |

**Preliminary Statement**

1.    This is an action for damages brought by plaintiff Barbara A. Grant against defendants Experian Information Solutions, Inc. ("Experian"), Trans Union LLC ("Trans Union") and Equifax Information Services LLC ("Equiax") for violations of the Fair Credit Reporting Act, 15 USC §1681 *et seq*.  (FCRA).

**The Parties**

2.    Plaintiff Barbara Grant is an individual consumer.

3.      Defendant Experian is an Ohio corporation with its principal place of business in Costa Mesa, California.

4.      Defendant Trans Union LLC is a Delaware corporation with its principal place of business in Chicago, Illinois.

5.      Defendant Equifax Information Services LLC is a limited liability company organized under the laws of Georgia.

**Jurisdiction & Venue**

6.      The court has federal question jurisdiction over the FCRA claims pursuant to 15 USC §1681p.

7.      The defendants regularly conducts business in this district and the events described in this complaint arose in this district.

**Description of the Case**

8.      Plaintiff Barbara A. Grant filed a voluntary Chapter 7 bankruptcy proceeding on November 12, 2008, in the Central District of California (case no. 08-19049).

9.      Due to clerical error, on April 7, 2009, the court entered an order of discharge. Two days later on April 9, 2009, the court entered an order vacating the order of discharge.

10.     On March 25, 2011, the court, again due to clerical error, entered an order of discharge. After plaintiff brought this error to the attention of the court on June 24, 2013, the court entered an order on July 1, 2013, vacating the discharge. On July 23, 2013, the court gave notice to interested parties of the debtor's non-entitlement to discharge.

11.     Beginning April 8, 2009, and to date Equifax has reported that plaintiff received a discharge on April 7, 2009, in the Chapter 7 bankruptcy proceeding and that seven (7) credit accounts belonging to her were included in bankruptcy.

12.     Beginning in April 2009, and to date Experian has reported that plaintiff's Chapter 7 bankruptcy was discharged and nine (9) accounts that belonged to her were included in bankruptcy.

13.     Beginning in March 2011 and to date, Trans Union has reported that plaintiff's Chapter 7 bankruptcy was discharged and that ten (10) credit accounts that belonged to her were included in bankruptcy.

14.     Anyone checking the record of events beginning July 1, 2013, in the bankruptcy proceeding with any care would have seen that ultimately there was no discharge in the proceedings.

15.     Plaintiff's disputes with respect to Equifax were as follows:

a.     On May 30, 2013, plaintiff sent a letter to Equifax disputing its reports that she received a discharge in the bankruptcy proceeding. She enclosed a copy of the order dated April 7, 2009, vacating the discharge entered two days before. In response, on July 1, 2013, Equifax sent plaintiff the results of its investigation, which was that the bankruptcy was currently reported as discharged and that eleven (11) of plaintiff's credit accounts had been included in bankruptcy.

b.     On May 2, 2014, plaintiff sent a second letter to Equifax in which she disputed its reports that she had received a discharge in bankruptcy. She enclosed the order dated July 1, 2013, vacating the discharge that had been entered due to clerical error. On May 30, 2014, Equifax sent plaintiff the results of its investigation which were that "the bankruptcy is currently reporting as discharged" and that seven (7) credit accounts had been included in bankruptcy.

16.     Plaintiff's disputes with respect to Trans Union were as follows:

a.     On April 16, 2013, plaintiff sent a letter to Trans Union disputing its reports that she received a discharge in the bankruptcy proceeding. She enclosed a copy of the order dated April 7, 2009, vacating the discharge entered two days before. In response, on May 17, 2013, Trans Union sent plaintiff the results of its investigation, which was that the bankruptcy was currently reported as discharged and that nine (9) of plaintiff's credit accounts had been included in bankruptcy.

b. On May 30, 2013, plaintiff send a second letter to Trans Union in which she disputed its reports that she had received a discharge in bankruptcy. She enclosed the order dated April 9, 2011, vacating the discharge that had been entered due to clerical error. On June 11, 2013, Trans Union sent plaintiff the results of its investigation which were that the disputes had previously been investigated and no changes were made. Trans Union also questioned the authenticity of the order that plaintiff submitted.

c. On July 9, 2013, plaintiff sent Trans Union a third letter disputing its report that a discharge had been entered in the bankruptcy proceeding. Plaintiff enclosed a true copy of the court's July 1, 2013, order vacating the discharge erroneously entered on July 1, 2013. Plaintiff listed nine (9) credit accounts that belonged to her that should be reported as included in bankruptcy. In response, on August 11, 2013, Trans Union stated that it would continue to report the nine (9) accounts as included in bankruptcy.

d. On May 3, 2014, plaintiff sent Trans Union a fourth letter demanding deletion of its erroneous entries concerning the bankruptcy proceeding. Plaintiff enclosed copies of the orders vacating the two erroneously entered discharges. Plaintiff listed the accounts that should be reported as included in bankruptcy. In response, Trans Union changed its report on the bankruptcy proceeding itself to "Chapter 7 bankruptcy dismissed," but it continued to erroneously report five (5) accounts as having been included in bankruptcy.

17. Plaintiff's disputes with respect to Experian were as follows:

a. On June 4, 2013, plaintiff sent a letter to Experian in which she stated her bankruptcy proceeding had not resulted in a discharge. She enclosed a copy of the April 7, 2009, order vacating the first discharge. Experian's July 7, 2013, results

of its investigation stated that plaintiff's bankruptcy proceeding was discharged and that ten (10) of plaintiff's credit accounts were "included in Chapter 7 Bankruptcy on March 25, 2011."  The latter date was when the bankruptcy court entered a discharge order a second time through clerical error.

    b.  On May 3, 2014, plaintiff send a second letter to Experian in which she stated she did not receive a discharge in bankruptcy. She enclosed both court orders vacating the erroneously entered discharge orders, including the order dated July 1, 2013.  On May 15, 2014, Experian sent plaintiff the results of its investigation which were that "the Chapter 7 bankruptcy [was] discharged." Experian added the following statement to eleven of plaintiff's credit accounts under Account History: "Filed Chapter 7 Bankruptcy on Nov 12, 2008."

18.    As a result of defendants' conduct, plaintiff has suffered actual damages in the form of (a) lost credit opportunities, b) harm to credit reputation and credit score, and (c) emotional distress in the form of mental pain, anguish, humiliation, embarrassment, anxiety and frustration.

**First Claim: Violations of the Fair Credit Reporting Act—Against Experian, Trans Union and Equifax**

19.    Plaintiff incorporates by reference ¶¶ 1 through 18.

20.    Defendants failed to comply with 15 U.S.C. § 1681c(d)(1) that provides that when a bankruptcy proceeding is withdrawn, the agency shall include that fact in its reports:

> Any consumer reporting agency that furnishes a consumer report that contains information regarding any case involving the consumer that arises under Title 11 shall include in the report an identification of the chapter of such Title 11 under which such case arises if provided by the source of the information. If any case arising or filed under Title 11 is withdrawn by the consumer before a final judgment, the consumer reporting agency shall include in the report that such case or filing was withdrawn upon receipt of documentation certifying such withdrawal.

21.    The FCRA provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the

consume notifies the agency directly of such dispute, the agency shall conduct a reasonable

reinvestigation to determine whether the disputed information is inaccurate, or delete the item from

the file within 30 days of receiving the consumer's dispute notice. 15 USC § 1681i(a)(1) (A).

22.    In conducting its reinvestigation of disputed information in a consumer report, the

credit reporting agency is required to "review and consider all relevant information submitted by the

consumer."

23.    Within the two years preceding the filing of this complaint, plaintiff notified

defendants about the inaccuracies contained in its reports and asked them to correct the inaccuracies.

24.    Defendants failed to conduct a reasonable reinvestigation of the inaccuracies that

plaintiff disputed.

25.    Defendants each failed to review and consider all relevant information submitted by

plaintiff.

26.    Defendants failed to report that plaintiff's bankruptcy filing was withdrawn by

plaintiff before final judgment.

27.    Defendants failed to employ and follow reasonable procedures to assure maximum

possible accuracy of plaintiff's credit reports, information and file in violation of 15 USC § 1681e(b).

28.     As a result of the above-described violations of § 1681i and § 1681e(b), plaintiff has

sustained damages.

29.    The violations of the FCRA were willful and therefore plaintiff is therefore entitled to

also seek statutory and punitive damages.

30.    The agencies' violations of the FCRA were willful and therefore plaintiff is entitled to

also seek statutory and punitive damages.

**PRAYER**

WHEREFORE, plaintiff prays for judgment as follows:

1.    Actual, statutory and punitive damages;

2. Injunctive relief;

3. Costs and attorney's fees; and

4. Such other relief as the Court may deem proper.

Dated: July 16, 2014.

ANDERSON, OGILVIE & BREWER LLP

By /s/ *Mark F. Anderson*
Mark F. Anderson
Attorney for Plaintiff

DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues.

Dated: July 16, 2014.

ANDERSON, OGILVIE & BREWER LLP

By */s/ Mark F. Anderson*
Mark F. Anderson
Attorney for Plaintiff